IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-13-1591-PHX-DJH (DMF)<br><br>**ORDER** |

   This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine on December 20, 2016. (Doc. 68). Judge Fine recommends in the R&R that Plaintiff's Motion for Leave to Amend Complaint (Doc. 65) be granted in part and denied in part. Plaintiff, through counsel, filed an Objection to the Magistrate Judge's R&R (Doc. 72) on January 3, 2017.

**I. Background**

   Plaintiff does not object to the factual and procedural background section of the R&R. The Court therefore adopts that section. As explained in the R&R, Plaintiff filed this action in August 2013 while confined in an Arizona State Prison. He was released from prison in February 2016. After the initial complaint was dismissed with leave to amend, Plaintiff filed a First Amended Complaint on February 13, 2014. In Count One he alleged a claim of "[t]hreat to safety" in violation of the Eighth Amendment. In Count Two he alleged a claim of inadequate medical care in violation of the Eighth Amendment. Plaintiff's claims for relief were based on injuries Plaintiff sustained on

September 20, 2012 when rioting prison inmates attacked and beat him, resulting in severe and traumatic brain injury and other bodily injuries. The Court screened the First Amended Complaint and allowed Count One to proceed. Three defendants on that claim were identified and served by the end of October 2015. The underlying factual basis for the claim is that the defendants "went against established policies and intentionally opened a secured gate during a riot, thereby disregarding a substantial risk of harm to [Plaintiff]." (Doc. 68 at 4) (quoting Doc. 46 at 5). The Court dismissed Count Two without prejudice after finding that Plaintiff failed to allege sufficient facts to state a claim for deliberate indifference to his serious medical needs under the Eighth Amendment.

The three defendants filed an Answer (Doc. 48) to the First Amended Complaint on March 14, 2016. Two days later Judge Fine issued a Scheduling Order (Doc. 50). Plaintiff's counsel entered an appearance on June 8, 2016. The Scheduling Order, including the deadline to seek leave to amend, was amended, without objection, several times. On the revised deadline to seek leave to amend the complaint, November 15, 2016, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 65). Defendants filed a Partial Opposition to Plaintiff's Motion for Leave to Amend (Doc. 66) and Plaintiff filed a Reply (Doc. 67).

After issuing the R&R, Judge Fine directed Plaintiff to file a proposed Second Amended Complaint in compliance with LRCiv 15.1. On December 30, 2016, Plaintiff filed a Notice of Lodging of Local Rule Compliant Proposed Second Amended Complaint (Doc. 70) to which he attached a proposed Second Amended Complaint that indicates in what respect it differs from the First Amended Complaint by striking through the text to be deleted and underlining the text to be added.

**II. Discussion**

    **A. Legal Standards**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

In considering a motion for leave to amend, Fed.R.Civ.P. 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Rule 15 and Ninth Circuit case law are clear that leave to amend should be liberally granted. *See, e.g., AmerisourceBergen Corporation,* 465 F.3d 946, 951 (9th Cir. 2006) (holding that "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* (citations omitted). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *See Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712-713 (9th Cir. 2001) (quoting *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999)). Granting or denying a motion to amend is a matter within the district court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

**B. Application**

Plaintiff's proposed Second Amended Complaint contains six causes of action and names 41 defendants plus additional John and Jane Doe defendants. (Doc. 70-1). Judge

Fine recommends in the R&R that Plaintiff's Motion for Leave to Amend be denied except as to Count III. With respect to Count III, Judge Fine recommends that Plaintiff be permitted to assert it as a claim but only as to eight defendants: Puri, Pacheco, Runge, Jasso, Patrick, Luker, Thompson, and Baker. Plaintiff does not object to Judge Fine's recommendation regarding Count III. (Doc. 72 at 8, n.6). That recommendation will therefore be adopted.

Plaintiff also does not object to Judge Fine's recommendation that, pursuant to the Eleventh Amendment, he be prohibited from naming the State of Arizona or the Arizona Department of Corrections ("ADOC") as defendants in this federal court action. That recommendation will therefore be adopted. Similarly, Plaintiff does not object to Judge Fine's recommendation that pursuant to A.R.S. § 31-201.01(F), any state law causes of action against individual employees of ADOC, including the director and correctional officers, be excluded. Accordingly, that recommendation will also be adopted.

Therefore, Plaintiff's proposed causes of action (Counts I-VI) may not be asserted against the State of Arizona or the Arizona Department of Corrections. Plaintiff's proposed state law causes of action (Counts IV-VI) may not be asserted against any individual employees of the ADOC. Because Plaintiff's proposed state law claim in Count V is alleged against the State of Arizona and individual employees of ADOC, that cause of action must be excluded from his proposed Second Amended Complaint.

Plaintiff objects to the remainder of the R&R, specifically, the analysis and recommendation that proposed Counts I, II, IV and VI be excluded from his Second Amended Complaint. The Court has therefore conducted a de novo review of the parts of the R&R to which Plaintiff objects.

### 1. Compliance with LRCiv 15.1

Among the reasons identified by Judge Fine for recommending denial of much of Plaintiff's Motion for Leave to Amend is his failure to initially comply with LRCiv 15.1 by attaching a proposed amended complaint that showed how it differed from the complaint it was intended to amend. Although Plaintiff attached a proposed Second

- 4 -

Amended Complaint to the motion to amend, he did not bracket or strike through the text of the First Amended Complaint to be deleted or underline the text to be added. However, Plaintiff subsequently complied with Judge Fine's order to submit a proposed Second Amended Complaint that complies with LRCiv 15.1. Given Plaintiff's compliance with Judge Fine's order, the Court will not use Plaintiff's initial non-compliance with LRCiv 15.1 as a basis to deny the motion to amend. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

### 2. Prejudice and Futility

As referenced above, prejudice to the opposing party is the key factor the Court must consider in deciding whether to grant leave to amend. In their partial opposition to Plaintiff's motion to amend, Defendants do not argue they will suffer prejudice if leave to amend is granted. The absence of any demonstration of prejudice supports granting Plaintiff's motion.

Defendants' only opposition to the proposed Second Amended Complaint is that two of the six proposed causes of action, Counts III and V, would be futile because Plaintiff failed to sufficiently link the named defendants' conduct to the violations alleged. The Court has already addressed Counts III and V above. Neither Plaintiff nor Defendant has objected to Judge Fine's recommendation with respect Counts III and V and, as noted, this Court will accept that recommendation. Defendants do not argue that Counts I, II, IV or VI would be futile.

### 3. Remaining Factors

Although Defendants do not argue that any of the remaining relevant factors, including the presence or absence of undue delay, bad faith, dilatory motive, and repeated failure to cure deficiencies by previous amendments, support denial of the motion to amend, the Court will briefly address them. Regarding undue delay, the Court shares Judge Fine's concerns in the R&R about the age of this case and Plaintiff's failure to

present his proposed new claims and defendants earlier. Plaintiff's motion to amend, however, was not untimely. Moreover, until Plaintiff's release from prison in February 2016, his prospects for obtaining counsel to represent him in this matter were slim. Within four months after his release, Plaintiff retained counsel, who, rather than allowing the deadline for leave to amend to expire, sought extensions. Defendants did not oppose those requested extensions and they were granted. The motion to amend was then filed on November 15, 2016, which was the revised deadline. Under these circumstances, the Court cannot conclude that Plaintiff unduly delayed his request for leave to amend. Even if the Court did find undue delay, Ninth Circuit case law is clear that this factor alone is insufficient to justify denying a motion to amend. *See Owens,* 244 F.3d at 712-713. Likewise, Defendants have not argued, and the Court has no basis to find, that Plaintiff has acted in bad faith or with a dilatory motive. As a result, the absence of undue delay, bad faith or a dilatory motive supports granting the motion to amend.

Regarding the final factor, Plaintiff previously had an opportunity to amend his complaint after the Court issued a screening order that denied it with leave to amend. As explained above, Plaintiff then submitted a First Amended Complaint. Plaintiff did not seek leave to amend again until after he was released and had retained counsel. The Court finds that Plaintiff's one previous request for leave to amend is not a basis to deny his current request.

**III. Conclusion**

The Court has conducted its own de novo review of the portions of the R&R to which Plaintiff has objected. Applying the liberal standards for motions to amend, along with the relevant factors the Court must consider, the Court finds that Plaintiff's motion to amend should be granted, subject to the limitations in the R&R adopted by the Court.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 68) is **accepted and adopted in part**, as explained in the body of the Order. The remainder of the R&R is **not accepted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 65) is **GRANTED** subject to the following limitations:

(1) Count V of the proposed Second Amended Complaint is excluded;

(2) Counts I-IV and VI may not name the State of Arizona or the Arizona Department of Corrections as defendants;

(3) Plaintiff's state law causes of action in Counts IV and VI may not name any individual employees of the ADOC as defendants.

(4) Count III may be asserted against the following eight defendants only: Puri, Pacheco, Runge, Jasso, Patrick, Luker, Thompson, and Baker.

Upon incorporating these exclusions and modifications to his proposed Second Amended Complaint, Plaintiff must file a clean version of the Second Amended Complaint **no later than February 15, 2017.** Because Plaintiff is no longer a prisoner and is represented by counsel, the Second Amended Complaint will not be screened by the Court.

**Dated** this 2nd day of February, 2017.

Honorable Diane J. Humetewa
United States District Judge