IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　　Defendants. | No. CV-13-1591-PHX-DJH (DMF)<br><br><br>**ORDER** |

Pending before the Court is the fully briefed Motion to Set Aside Default field by Defendant Wexford Health Sources, Inc.'s ("Wexford's") and Plaintiff's Motion for Service By Publication. (Docs. 120, 121, 122, 124). For the reasons discussed below, the Court will grant both motions.

**I.     BACKGROUND**

Plaintiff filed his Third Amended Complaint (TAC) on June 23, 2017. (Doc. 98) His TAC asserts, among other claims, violations by Wexford and other defendants of his constitutional rights pursuant to 42 U.S.C. § 1983, based on deliberate indifference to his medical needs, or as a result of a policy, decision, or custom promulgated or endorsed by Wexford. (*Id.* at 2, 28-33) The summons supplied to the Court by Plaintiff on July 3, 2017 incorrectly named Wexford. (Doc. 100) On August 3, 2017, Plaintiff filed a notice to correct Wexford's name (Doc. 110), which was granted on August 24, 2017 (Doc. 116). Service of the TAC on Wexford under its correct name was accomplished on August 7, 2017. (Doc. 117) Wexford does not dispute that its deadline for filing a

responsive pleading to the TAC was August 28, 2017. (Doc. 125 at 2) On August 29, 2017, Plaintiff filed an application for entry of default, requesting the Clerk of the Court to enter default against Wexford pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend. (Doc. 118) The Clerk entered default the next day. (Doc. 119) Wexford filed its motion to set aside default on September 7, 2017. (Doc. 120)

## II.  LEGAL STANDARD

Rule 55(c) provides for the setting aside of a default "for good cause." Fed. R. Civ. P. 55(c). The Ninth Circuit has instructed that a court must consider three factors in determining whether "good cause" exists:

> "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default . . . would prejudice" the other party. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The Ninth Circuit cautioned, however, that it is "crucial" to bear in mind that "'judgment by default is a drastic step appropriate only in extreme circumstances'" and that, "'whenever possible'" a case should be "'decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Each of the three factors is addressed below.

### A.  Culpable Conduct

The Ninth Circuit has determined that a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). With respect to setting aside a default, the term "intentional" means "'something more like . . . willful, deliberate, or evidence of bad faith.'" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.2001) (quoting *American Alliance Ins. Co. v. Eagle*

*Ins. Co.*, 92 F.3d 57, 61 (2nd Cir. 1996)), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Wexford states that its failure to timely answer the TAC was a mistake. (Doc. 120 at 3) According to Wexford, after the TAC was served on its statutory agent, it was believed that the complaint was mistakenly "archived with closed litigation" pertaining to the period prior to March 4, 2013, when Wexford avers its contract with the Arizona prison system had expired. (*Id.*, Doc. 125 at 6) Plaintiff asserts that Wexford's "belief" of how the mistake occurred is not sufficient to demonstrate absence of culpable conduct. (Doc. 121 at 5) Moreover, Plaintiff asserts that Wexford's explanation lacks credibility because its statutory agent, after receiving service of the TAC on July 3, 2017, also had been served with notice to correct Wexford's name on August 7, 2017. (*Id.* at 5-6, Doc. 121-1 at 2, 6) Plaintiff's argument is insufficient to demonstrate that Wexford intentionally failed to answer timely the TAC, or more specifically, that it acted willfully, deliberately or in bad faith. Supporting this conclusion are Wexford's timely actions once it received notice of entry of default, which included contacting Plaintiff's counsel shortly thereafter to stipulate to setting aside the default, and then immediately filing its motion to set aside default.

The Court finds that Wexford's failure timely to answer the TAC is not culpable conduct, and is not a ground for denying the motion to set aside default.

## B. Meritorious Defense

The burden on Wexford in order to set aside default is to "'present specific facts that would constitute a defense.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). This burden "'is not extraordinarily heavy.'" *Id.* The Ninth Circuit instructs that:

> [a]ll that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

*Id.* (citations omitted).

- 3 -

In its Motion, Wexford asserts primarily that "the statute of limitations for any actions or omissions by Wexford in its role inside the [Arizona Department of Corrections] expired March 3, 2015, several years before Plaintiff's alleged August 8, 2017 service on Defendant Wexford." (Doc. 120 at 4)  Further, Wexford argues that Plaintiff's claims against it in this action lack merit. (*Id.*)  Plaintiff argues that:  (1) Wexford has waived any statute of limitations defense because of its default; (2) the addition of Wexford as a party to the action qualifies for relation back under Rule 15(c) of the Federal Rules of Civil Procedure; and (3) Wexford failed to provide specific facts regarding its denial of culpability as to the grounds of Plaintiff's Petition. (*Id.* at 7-12)

Wexford has presented sufficient facts that would constitute a defense, particularly with regard to its statute of limitations defense.  Wexford asserts that a two-year statute of limitations applies to Plaintiffs claims against it, and that this limitations period expired on March 3, 2015, which was two years after the termination of Wexford's contract. (Doc. 120 at 4, Doc. 125 at 5-6)  Wexford further states that although Plaintiff filed his initial Complaint in 2013, Wexford was "not served, put on notice, or even properly identified until August of 2018 [sic]." (Doc. 120 at 4)  "'As a prerequisite to vacating an entry of default,' a party in default 'is required to make some showing of a meritorious defense.'" *Employee Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (quoting *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)).  The Court finds that Wexford has met its burden to make "some showing" of a meritorious defense.

### C. Prejudice

The standard for finding prejudice in the setting aside of a default judgment in the Ninth Circuit is whether a plaintiff's "ability to pursue his claim will be hindered." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463).  The harm to a plaintiff must be more than "simply delaying resolution of the case." *Id.*  A delay will be prejudicial when it "result[s] in tangible harm such as loss of evidence, increased difficulties of discovery,

or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Plaintiff asserts he would be "heavily prejudiced" by setting aside the default. (Doc. 121 at 13)  The harm Plaintiff describes is that documentary evidence applicable to Wexford is nearly five years old and may not be available, and that witnesses' memories will have faded. (*Id.*) The Court finds no prejudicial harm in this circumstance where:  (1) the time delay Plaintiff describes as harmful to his case was overwhelmingly the result of his naming Wexford as a defendant this far along in the case; and (2) Wexford expeditiously filed its motion to set aside default.

### III.   CONCLUSION

For the reasons set forth above, the Court finds good cause for setting aside the entry of default in this case.  *See* Rule 55(c), Federal Rules of Civil Procedure.

### IV.   SERVICE BY PUBLICATION

The Court has reviewed Plaintiff's Motion for Service by Publication of Defendant Thomas Rawa, M.D.  (Doc. 122)  Good cause appearing, the Court will grant the motion.

Accordingly,

**IT IS ORDERED** granting Defendant Wexford Health Sources, Inc.'s Motion to Set Aside Default (Doc. 120).

**IT IS FURTHER ORDERED** that the Clerk of the Court set aside default as to Defendant Wexford (Doc. 119).

**IT IS FURTHER ORDERED** that Defendant Wexford Health Sources, Inc. answer Plaintiff's Third Amended Complaint (Doc. 98).

. . .

. . .

. . .

1       **IT IS FURTHER ORDERED** granting Plaintiff's Motion for Service by Publication (Doc. 122).

      Dated this 18th day of October, 2017.

_____
David K. Duncan
United States Magistrate Judge

*Magistrate Judge Duncan signing for Magistrate Judge Fine