# EXHIBIT A

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| David M. Garcia, | Case No.: 2:13-cv-1591-DJH (DMF) |
|---|---|
| Plaintiff, | **DECLARATION OF JORDAN C. WOLFF** |
| vs. | (Assigned to the Hon. Deborah M. Fine) |
| Charles L. Ryan, et al, | |
| Defendants | |

I, JORDAN C. WOLFF, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. I am over the age of 18 and make this declaration based on my personal knowledge, except as to those matters stated upon information and belief and as to those I believe them to be true and accurate.

2. I am a licensed attorney in Arizona and work for Mills + Woods Law, PLLC.

3. Mills + Woods Law, PLLC represents the plaintiff in this case, David M. Garcia ("Plaintiff").

4. On March 12, 2018, Plaintiff served Defendants Charles Ryan and Corizon with Plaintiff's First Request for Production. (Doc. 153).

5. On April 18, 2018, Plaintiff granted Ms. Lombino's request for an extension to respond to Plaintiff's discovery requests until April 26, 2018.

6. On June 1, 2018, Corizon Defendants submitted their responses to Plaintiff's discovery requests. (Doc. 174).

7. Corizon Defendants' counsel requested a meet and confer to discuss some of Plaintiff's discovery requests.

8. Ms. Lombino requested to participate in the meet and confer without providing Arizona Defendants' responses or raising any prior objection to Plaintiff's discovery requests.

9. Corizon Defendant's counsel, Plaintiff's counsel, and Ms. Lombino participated in a 90-minute meet and confer teleconference. (*See* doc. 181 at 9:12).

10. Ms. Lombino explained that she would not disclose privileged communication between the Attorney General's office and the Arizona Department of Corrections ("ADOC").

11. At the conclusion of the meet and confer, Defendants' counsel agreed to produce certain documents and Plaintiff's counsel agreed to modify some of the discovery requests. (*Id.*)

12. Three (3) days later, Ms. Lombino filed Arizona Defendants' motion for summary judgment without responding to any of Plaintiff's discovery requests. (Docs. 180, 184).

13. On July 3, 2018, after not receiving either a response or production responsive to Plaintiff's discovery requests, Plaintiff's counsel sent Ms. Lombino an email and requested a phone call.

14. Ms. Lombino responded stating that she is not available.

15. On July 5, 2018, Plaintiff's counsel sent Ms. Lombino another email requesting a phone call to discuss an extension to respond to the pending motion for summary judgment and inquired about Ms. Lombino's clients' lack of responses and production.

16. On July 5, 2018, Plaintiff's counsel and Ms. Lombino had a telephonic conversation to address the issues in Plaintiff's counsel's email. Ms. Lombino informed

2

1. Plaintiff's counsel that she will produce Arizona Defendants' responses and production the following day.

17. Plaintiff's counsel then requested an extension to respond to the pending motion for summary judgment so that Plaintiff's counsel could review the discovery responses.

18. Ms. Lombino asked why Plaintiff's counsel needed an extension and stated that she planned this motion so that it would not interfere with her vacation, and she was hesitant to grant an extension for that reason.

19. Plaintiff's counsel said that Arizona Defendants raised the issue of notice under Fed. R. Civ. P 15(c), and Plaintiff's counsel needed to review communications, specifically emails, it had requested to see what notice individuals received regarding Plaintiff's original and first amended complaint.

20. Ms. Lombino then disingenuously stated that Plaintiff's counsel did not request any emails. Plaintiff's counsel then referred Ms. Lombino to Plaintiff's Request for Production No. 11, wherein documents and ESI[1] pertaining to certain communications were clearly requested.

21. Ms. Lombino said that the request asked for privileged information. Plaintiff's counsel responded acknowledging that there may be privileged communication and asked if she was planning on producing a log for the purported privileged communication consistent with Fed. R. Civ. P. 26(b)(5).

22. Ms. Lombino stated that she would not produce a privilege log. Plaintiff's counsel then asked if she was going to produce the internal communication from the Arizona Department of Corrections ("ADOC"), and she told Plaintiff's counsel that she would absolutely not.

---

[1] The Definition Section of Plaintiff's Request for Production provided: The terms "Electronically Stored Information," or "ESI" are defined broadly to give the full scope of those terms as contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals[.]"

3

23. Plaintiff's counsel told her that the communications were relevant, especially given the issues raised in Arizona Defendants' pending motion for summary judgment.

24. Ms. Lombino was adamant that she would not produce any of the emails.[2] Plaintiff's counsel informed her that he would have to raise this issue with the Judge, and Ms. Lombino welcomed it.

25. The communication Plaintiff requested, especially ADOC's internal communication regarding the events of September 22, 2012, the ongoing care and treatment of Plaintiff, and communication that would have put certain named defendants on notice of Plaintiff's lawsuit are highly relevant to the issues raised in Defendants' Motion for Summary Judgment.

26. Plaintiff believes that the internal communication will show that Defendants Ryan, Kokemor, Moody, Thomas, C. Thomas, McCutcheon, Puri, Patrick, Luker and Runge received notice under Fed. R. Civ. P. 15.

27. Plaintiff also believes that the email will show that Defendants Ryan, Kokemor, Moody, Thomas, C. Thomas, and McCutcheon knew that Plaintiff required medical care, knew that plaintiff was not receiving proper medical care, and they failed to ensure that he received proper medical care.

28. Plaintiff's review of communication between the ADOC and Defendants Ryan, Kokemor, Moody, Thomas, C. Thomas, McCutcheon, Puri, Patrick, Luker and Runge is essential to properly responding to Defendants' Motion for Summary Judgement.

29. On July 6, 2018, one business day before the Plaintiff's Response for Summary Judgment was due, Arizona Defendants produced over 11,300 pages of documents that were partially responsive to Plaintiff's First Request for Production.

30. Plaintiff's counsel needs a reasonable amount of time to review the voluminous eleventh-hour production.

---

[2] As part of Arizona Defendants' June 6, 2018 data dump, certain emails were produced but none were responsive to Request No. 11.

4

31. The purpose of Plaintiff's request for relief under Fed. R. Civ. P. 56(d) is not to delay his response to Arizona Defendants' Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 24th day of July 2018.

**MILLS + WOODS LAW, PLLC**

By /s/ Jordan C. Wolff
Robert T. Mills
Sean A. Woods
Jordan C. Wolff
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

5