# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>              Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Defendants. | No. CV-13-1591-PHX-DJH (DMF)<br><br>**ORDER** |

      This matter is before the Court on Plaintiff's motion to strike (Doc. 185) Defendants' motion for summary judgment at Doc. 179. Defendants have responded (Doc. 190) and Plaintiffs have replied (Doc. 194). The motion is ripe for decision.

      On June 7, 2018, Defendants Charles Ryan, Christopher Moody, Sarah McCutcheon, Joseph Kokemor, "C. Thomas," Ashis Puri, Mitchell Patrick, Randy Luker and Robert Runge moved for summary judgment under Fed. R. Civ. P. 56, with an accompanying statement of facts (Doc. 180), based on (1) the law of the case, (2) Plaintiff's failure to state a claim, and (3) the statute of limitations (Doc. 179). Instead of responding to the motion for summary judgment, on the last day to file a response, Plaintiff moved to strike the motion for summary judgment (Doc. 185).

      Plaintiff moves to strike Defendants' motion for summary judgment because the motion relies, in part, on Plaintiff's unverified complaint. In the alternative, Plaintiff seeks relief under Fed.R.Civ.P. 56(d), apparently seeking that the Court deny the motion for summary judgment because discovery is not complete (Doc. 185 at 2, lines 12-13) or

grant Plaintiff an extension to respond to the motion for summary judgment due to discovery matters (Doc. 185 at 4-6).

Defendants assert that Plaintiff's motion to strike should be denied because (a) the motion to strike is prohibited under LRCiv. 7.2(m) and (b) Defendants' references to the complaints in the motion for summary judgment are proper. Defendants further oppose Plaintiff's request for relief under Fed.R.Civ.P. 56(d) because Plaintiff fails to comply with that rule and because the request is in bad faith.

Plaintiff did bring a discovery issue to the Court's attention after filing the motion to strike (Docs. 186, 189, 191). In short, Plaintiff sought to compel responses to overbroad discovery requests propounded which Plaintiff had agreed to modify over five weeks before but had failed to do so (Docs. 191, 189). The Court found Plaintiff's position on the discovery lacked merit (Doc. 193). This is the discovery issue that Plaintiff focuses upon in Plaintiff's argument for Fed.R.Civ.P. 56(d) relief (Doc. 185 at 4-5). Plaintiff also states that on July 6, 2018, Plaintiff's counsel received Arizona Defendants' response to Plaintiff's requests for production in the form of a "data dump of 11,300 pages of documents" (Doc. 185 at 5-6). Finally, Plaintiff states that defense counsel refused to agree to an extension of time for Plaintiff to file a response and controverting statement of facts to the motion for summary judgment, which were due the next business day after the production of the over 11,000 documents (Doc. 185 at 5-6).

LRCiv 7.2(m) states:

(m) Motions to Strike.

(1) Generally. Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

(2) Objections to Admission of Evidence on Written Motions. An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing. If the underlying motion is a motion for

summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition to) including it in the party's responsive memorandum, but any objection in the party's response to the separate statement of material facts must be stated summarily without argument. Any response to an objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

Under LRCiv 7.2(m), the motion to strike was not the proper vehicle upon which to bring to the attention of the Court that Plaintiff contests the use of the amended unverified complaint in support of Defendants' motion for summary judgment. Further, the substantive basis of the motion to strike lacks merit. Plaintiff cites cases where a party cites its own unverified pleading in support of its summary judgment position. *See, e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Plaintiff also cites cases that stand for the proposition that legal memoranda and oral argument do not constitute admissible evidence. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*, 440 U.S. 981 (1979); *Smith v. Mack Trucks*, 505 F.2d 1248, 1249 (9th Cir.1974). Yet, factual assertions and representations in a party's own pleadings are binding judicial admissions under federal law generally and under long established Ninth Circuit case law. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Thus, Plaintiff's motion to strike (Doc. 185) is denied as lacking merit as well as procedurally improper.

Plaintiff's alternative Fed.R.Civ.P. 56(d) motion is based, first, on the general assertion that the motion for summary judgment was brought too early in the discovery process. As this case was brought in 2013, such assertion plainly fails. To the extent Plaintiff argues that summary judgment is premature before the close of discovery, Fed.R.Civ.P. 56(b) belies such:

> (b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

Fed.R.Civ.P. 56(d) does allow a continuance "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A party requesting a continuance to conduct additional discovery before responding to a motion for summary judgment "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (discussing former Fed. R. Civ. P. 56(f), which is now Fed. R. Civ. P. 56(d)). Mere speculation, however, is an insufficient basis for a continuance under Rule 56(d). *Apache Survival Coalition v. United States,* 21 F.3d 895, 911 n. 17 (9th Cir.1994). Plaintiff failed to provide such affidavit or declaration with the motion to strike (Doc. 185), but has presented such with Plaintiff's reply (Doc. 194-1). Yet, that affidavit recounts the discovery issue that was already brought to the Court's attention and which the Court found lacked merit (Doc. 194-1; Docs. 186, 189, 191).

The only additional discovery matter raised is to allow Plaintiffs opportunity to review the over 11,300 documents produced by Defendants the business day before the response to the motion for summary judgment was due. While the Court does not find that such request satisfies Fed.R.Civ.P. 56(d), the Court does find good cause to grant Plaintiff a reasonable extension of time to respond to the motion for summary judgment so that Plaintiff's counsel may review the discovery produced on July 6, 2018. It has been over five weeks since such production, and an additional twenty one days is reasonable for Plaintiff's counsel, even with other ongoing cases, to review the documents and prepare a response to Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's motion to strike (Doc. 185).

/ / /

/ / /

/ / /

/ / /

- 4 -

**IT IS FURTHER ORDERED** that Plaintiff shall file responsive papers to the Defendants' motion for summary judgment and accompanying statement of facts (Docs. 179, 180) within twenty one days of the date of this Order.

Dated this 14th day of August, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge