Robert T Mills (Arizona Bar #018853)
Sean A Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone (480) 999-4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al,<br><br>Defendants. | Case No.: 2:13-cv-1591-DJH (DMF)<br><br>**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS RYAN, MOODY, MCCUTCHEON, KOKEMOR, THOMAS, PURI, PATRICK, LUKER, AND RUNGE'S MOTION FOR SUMMARY JUDGMENT** |

David M. Garcia ("Plaintiff"), by and through undersigned counsel, hereby submits his controverting statement of facts.

### CONTROVERTING STATEMENT OF FACTS

**A.     The Prison Grievance Process**

1.     Plaintiff admits the facts alleged in Paragraph 1.

2.     Plaintiff admits the facts alleged in Paragraph 2.

3.     Plaintiff admits the facts alleged in Paragraph 3.

4.     Plaintiff admits the facts alleged in Paragraph 4.

5.     Plaintiff admits the facts alleged in Paragraph 5.

6.     Plaintiff admits the facts alleged in Paragraph 6.

7.  Plaintiff admits the facts alleged in Paragraph 7.

8.  Plaintiff admits the facts alleged in Paragraph 8.

9.  Plaintiff admits the facts alleged in Paragraph 9.

10.  Plaintiff admits the facts alleged in Paragraph 10.

11.  Plaintiff admits the facts alleged in Paragraph 11.

12.  Plaintiff admits the facts alleged in Paragraph 12.

13.  Plaintiff admits the facts alleged in Paragraph 13. However, Plaintiff denies that Exhibit A-2 is a complete copy of his grievance filed related to the events of September 2012. *See* Plaintiff's grievances dated from January 23, 2014 to April 28, 2014, attached hereto as Ex. 10.

14.  Plaintiff admits that the he participated in the grievance process between January 13, 2013 and May 28, 2013. However, Plaintiff also participated in other grievances. On January 23, 2014, Plaintiff submitted an Inmate Informal Complaint Resolution, which was directly related to the September 20, 2012 riot and his injuries sustained therefrom. *See* Ex. 10. The grievance process was not complete until April 28, 2014, when Director Ryan denied Plaintiff's request for relief. *Id.*

15.  Plaintiff admits that one of his administrative remedies was exhausted on May 28, 2013. However, Plaintiff submitted another grievance on January 23, 2014, which was not complete until April 28, 2014. *Id.*

16.  Plaintiff admits that the grievance he filed on January 13, 2013, took approximately 136 days before Defendant Ryan issued a decision. However, Plaintiff's grievance initiated on January 23, 2014, took approximately 95 days before Defendant Ryan issued a decision. *Id.*

**B.  Court Proceedings**

**1.  Original Complaint and Screening Order**

17.  Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' Statement of Facts ("SOF"). Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447

F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 17.

18.   Plaintiff admits the facts alleged in Paragraph 18.

19.   Plaintiff admits the facts alleged in Paragraph 19.

20.   Plaintiff admits the facts alleged in Paragraph 20.

**2.    First Amended Complaint and Screening Order**

21.   Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 21.

22.   Plaintiff admits the facts alleged in Paragraph 22.

23.   Plaintiff admits the facts alleged in Paragraph 23.

24.   Plaintiff admits the facts alleged in Paragraph 24.

**3.    Plaintiff's Motions for Extension of Time and Court Orders**

25.   Plaintiff admits the facts alleged in Paragraph 25.

26.   Objection: The document ADOC Defendants cite to does not support their assertion in Paragraph 26. Defendants cite to Doc. 16, which is Plaintiff's Motion for Extension of Time. Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 26. *See* Doc. 17 at 1.

27.   Objection: The document ADOC Defendants cite to does not support their assertion in Paragraph 27. Defendants cite to Doc. 16, which is Plaintiff's Motion for Extension of Time. Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 27. *See* Doc. 18.

28.   Plaintiff admits the facts alleged in Paragraph 28.

29.   Plaintiff admits the facts alleged in Paragraph 29.

30.   Plaintiff admits the facts alleged in Paragraph 30.

31.     Plaintiff admits the facts alleged in Paragraph 31.

32.     Plaintiff admits the facts alleged in Paragraph 32.

33.     Plaintiff admits the facts alleged in Paragraph 33. However, "[Plaintiff] attempted to request A.D.O.C. officers [sic] true names by way of A.D.O.C. internal process." Doc. 26 at 2. Plaintiff explained further that the Arizona Department of Corrections responded to his request by stating that the information could not be verified. *Id.* Plaintiff also included an exhibit to demonstrate this information. *Id.*, Ex. 1; Ex. 10.

34.     Plaintiff admits the facts alleged in Paragraph 34.

35.     Plaintiff admits the facts alleged in Paragraph 35.

36.     Plaintiff admits the facts alleged in Paragraph 36.

37.     Plaintiff admits the facts alleged in Paragraph 37.

38.     Plaintiff admits the facts alleged in Paragraph 38.

39.     Plaintiff admits the facts alleged in Paragraph 39.

### 4.     Plaintiff's First Motion for Leave to Amend Complaint

40.     Plaintiff admits the facts alleged in Paragraph 40.

41.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 41. In the Proposed Second Amended Complaint ("Proposed SAC"), Defendant Moody is named in his individual capacity as well as part of the staff at Arizona State Prison Complex-Lewis ("Lewis Prison") that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from his transfer to Lewis Prison in May 2013 until his release on February 2, 2016.  *See* Doc. 65-1 at ¶19, ¶ 23, ¶¶ 60-62, ¶¶ 229-35, ¶ 250-55, ¶¶ 257-60.

42.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th

Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 42. In the Proposed SAC, Defendant Ryan is named in his individual capacity as well as the Director of ADOC. Doc. 65-1 at ¶ 20. His duties include ensuring that the Tucson and Lewis prisons provide a safe environment for inmates and staff. *Id.* Ryan failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012 until his release on February 2, 2016. *See* Doc. 65-1 at ¶¶ 19-20, ¶¶ 60-62,  ¶ 120, ¶ 164, ¶¶ 174-75, ¶ 229-35,  ¶ 250, ¶¶ 257-260.

43.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 43. In the Proposed SAC, Defendant McCutcheon is named in his individual capacity as well as part of the staff at Lewis Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from his transfer to Lewis Prison in May 2013, until his release on February 2, 2016. *See* Doc. 65-1 at ¶ 52, ¶¶ 60-62, ¶ 120, ¶¶ 168-170, ¶¶ 229-35, ¶ 250.

44.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 44. In the Proposed SAC, Defendant Kokemor is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 19, 51, ¶¶ 60-62, ¶ 120, ¶¶ 149-51, ¶ 156, ¶ 229-35, ¶ 250.

45.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 45. In the Proposed SAC, Defendant Thomas is named in his individual capacity as well as a Deputy Warden at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 19, ¶ 27, ¶¶ 60-62, ¶ 120, ¶¶ 158-60, ¶¶ 228-35, ¶ 250.

46.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 46. In the Proposed SAC, Defendant Puri is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 19, ¶ 35, ¶¶ 60-62, ¶ 86, ¶¶ 119-20, ¶¶ 244-47, ¶ 250.

47.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 47. In the Proposed SAC, Defendant Runge is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 19, ¶ 31, ¶¶ 60-62, ¶¶ 76-77, ¶ 79, ¶ 89, ¶ 99, ¶ 101,

¶¶ 119-20, ¶¶ 244-47, ¶ 250.

48.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 48. In the Proposed SAC, Defendant Patrick is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 19, ¶ 42, ¶¶ 60-62, ¶ 87, ¶¶ 119-20, ¶¶ 244-47, ¶ 250.

49.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 49. In the Proposed SAC, Defendant Luker is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 65-1 at ¶ 44, ¶¶ 60-62, ¶¶ 111-14, ¶ 120, ¶¶ 244-47, ¶ 250.

50.     Plaintiff admits the facts alleged in Paragraph 50.

51.     Plaintiff admits the facts alleged in Paragraph 51.

52.     Plaintiff admits the facts alleged in Paragraph 52.

### 5.     Plaintiff's Second Amended Complaint

53.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts

alleged in Paragraph 53. Plaintiff admits that on February 15, 2017, he filed his Second Amended Complaint ("SAC"). Doc. 77. However, Plaintiff denies that Count I only asserted claims against Moody, Ryan, McCutcheon, Kokemor, and Thomas. Count I of the SAC, Plaintiff asserted claims against Moody, Ryan, McCutcheon, Kokemor, Thomas, as well as Defendants Ende, Lewis, Riaz, Rawa, Rojas, and Tucker. Doc. 77 at 27 ¶¶ 205-11.

54.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 54. In the SAC, Defendant Moody is named in his individual capacity as well as part of the staff at Lewis Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from his transfer to Lewis Prison in May 2013, until his release on February 2, 2016. *See* Doc. 77 at ¶ 19, ¶¶ 37-38, ¶¶ 205-11.

55.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 55. In the SAC, Defendant Ryan is named in his individual capacity as well as the Director of ADOC. Doc. 77 at ¶ 18. His duties include ensuring that the Tucson and Lewis prisons provide a safe environment for inmates and staff. *Id.* Ryan failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 77 at ¶ 18, ¶¶ 37-38, ¶ 140, ¶ 151, ¶¶ 205-11.

56.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz.

1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 56. In the SAC, Defendant McCutcheon is named in his individual capacity as well as part of the staff at Lewis Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from his transfer to Lewis Prison in May 2013 until his release on February 2, 2016. *See* Doc. 77 at ¶ 29, ¶¶ 37-38, ¶¶ 144-46, ¶¶ 205-11.

57.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 57. In the SAC, Defendant Kokemor is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 28, ¶¶ 37-38, ¶¶ 125-27, ¶ 132, ¶¶ 205-11.

58.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 58. In the SAC, Defendant Thomas is named in his individual capacity as well as a Deputy Warden at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 20, ¶¶ 37-38, ¶¶ 134-35, ¶¶ 205-11.

59.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts

alleged in Paragraph 59. Plaintiff admits that in Count III of the SAC, he asserts threat to safety and failure to protect claims under the Eighth and Fourteenth Amendments against Puri, Runge, Patrick, Luker, as well as Defendants Baker, Pacheco, Jasso, and Thompson. Doc. 77 at ¶¶ 220-23.

60.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 60. Defendant Puri is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 24, ¶¶ 37-38, ¶ 63, ¶¶ 220-23.

61.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 61. Defendant Runge is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 23, ¶¶ 53-56, ¶ 66, ¶ 76, ¶78 ¶¶ 220-23.

62.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 62 Defendant Patrick is named in his individual capacity as well as part of the staff at Tucson

Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 25, ¶¶ 37-38, ¶ 64, ¶¶ 220-223.

63.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff denies the facts alleged in Paragraph 63. Defendant Luker is named in his individual capacity as well as part of the staff at Tucson Prison that failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his transfer to Lewis Prison in May 2013. *See* Doc. 77 at ¶ 26, ¶¶37-38,  ¶¶ 89-91, ¶¶ 220-23.

64.    Plaintiff admits the facts alleged in Paragraph 64.

65.    Plaintiff admits the facts alleged in Paragraph 65.

**6.    Plaintiff's Second Motion for Leave to Amend Complaint**

66.    Plaintiff admits the facts alleged in Paragraph 66.

67.    Plaintiff admits the facts alleged in Paragraph 67.

**7.    Plaintiff's Third Amended Complaint**

68.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 68.

69.    Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits the facts alleged in Paragraph 69.

70.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts alleged in Paragraph 70. Plaintiff admits that in his Third Amended Complaint ("TAC"), he makes allegations against Ryan, McCutcheon, Kokemor, and Thomas relating to their respective responses to various inmate grievances. Plaintiff denies that their responses represent the only allegations asserted, as Defendants individually and as a whole failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 98 at ¶ 18, ¶ 20, ¶¶ 28-29, ¶ 38, ¶¶ 126-27, ¶ 135, ¶ 141, ¶¶ 145-47, ¶¶ 207-13.

71.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts alleged in Paragraph 71. Plaintiff admits that in his TAC, he makes allegations against Puri. Plaintiff denies that Puri's locking himself in the control room represents the only allegations asserted, as Puri individually and Defendants as a whole failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 98 at ¶ 24, ¶ 38, ¶ 50, ¶ 64, ¶¶ 222-25.

72.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts alleged in Paragraph 72. Plaintiff admits that in his TAC, he makes allegations against

Patrick. Plaintiff denies that Patrick's report relating to secured inmates in medical represents the only allegations asserted, as Patrick individually and Defendants as a whole failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 98 at ¶ 25, ¶ 38, ¶ 50, ¶ 56, ¶ 65, ¶¶ 222-25.

73.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts alleged in Paragraph 73. Plaintiff admits that in his TAC, he makes allegations against Runge. Plaintiff denies that Runge's actions stated in Paragraph 73 represent the only allegations asserted, as Runge individually and Defendants as a whole failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 98 at ¶ 23, ¶ 38, ¶ 50, ¶ 55, ¶ 57, ¶ 67, ¶ 77, ¶ 79, ¶¶ 222-25.

74.     Objection: ADOC Defendants only cite to Plaintiff's unverified complaint. An unverified complaint is legal memoranda and cannot be used to substantiate any fact in ADOC Defendants' SOF. Fed. R. Civ. P. 56(c); *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006); *Presbyterian Church (U.S.A.) v. United States*, 752 F. Supp. 1505, 1509 (D. Ariz. 1990). Without waiving any objection, Plaintiff admits in part and denies in part the facts alleged in Paragraph 74. Plaintiff admits that in his TAC, he makes allegations against Luker. Plaintiff denies that Luker's actions stated in Paragraph 73 represent the only allegations asserted, as Luker individually and Defendants as a whole failed to act in a reasonable and prudent manner to protect the health and safety of Plaintiff Garcia from September 20, 2012, until his release on February 2, 2016. *See* Doc. 98 at ¶ 26, ¶ 38, ¶ 50, ¶ 89-93, ¶¶ 222-225.

75.     Plaintiff admits the facts alleged in Paragraph 75.

76.     Plaintiff admits the facts alleged in Paragraph 76.

**8.     Wexford's Motion for Summary Judgment and Court's Order Granting Motion**

77.     Plaintiff admits the facts alleged in Paragraph 77, but for clarification labels Docs. 133 and 155 as Wexford's Motion for Judgment on the Pleadings and Wexford's Supplement to its Motion for Summary Judgment, respectively.

78.     Plaintiff admits the facts alleged in Paragraph 78.

79.     Plaintiff admits the facts alleged in Paragraph 79.

**RESPECTFULLY SUBMITTED** this 4th day of September 2018.

MILLS + WOODS LAW, PLLC

By    /s/ Sean A. Woods
        Robert T. Mills
        Sean A. Woods
        Jordan C. Wolff
        5055 North 12th Street, Suite 101
        Phoenix, AZ  85014
        *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2018, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Brnovich
Michelle Lombino
2005 N. Central Ave.
Phoenix, Arizona 85004
michelle.lombino@azag.gov
*Attorneys for Jasso, Pacheco, Thompson, Ryan, Thomas,*
*Moody, Runge, Puri, Luker, Kokemor, and McCutcheon*

Anthony J. Fernandez
Dustin A. Christner
Alyssa R. Illsley
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
afernandez@qpwblaw.com
Dustin.Christner@qpwblaw.com
Alyssa.Illsley@qpwblaw.com
*Attorneys for Defendant Corizon Health, Inc.*

Kevin C. Nicholas
Michael B. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP
Phoenix Plaza Tower II
2929 North Central Ave. Suite 1700
Phoenix, Arizona 85012-2761
Kevin.Nicholas@lewisbrisbois.com
*Attorneys for Defendant Thomas Rawa, M.D.*

Randy J. Aoyama
Bradley L. Dunn
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd., Suite 750
Phoenix, Arizona 85016
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com

/s/ *Jordan C. Wolff*

15