# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-13-1591-PHX-DJH (DMF)<br><br>**ORDER** |

On September 7, 2018, Defendants' jointly, through counsel, filed a joint motion to extend deadlines with no agreement or objection by Plaintiff's counsel (Doc. 214). Expedited consideration was requested. The Court has expedited consideration of this motion.

Defendants state they will be prejudiced if the deadlines are not extended. Defendants assert two reasons for the requested four month extension of pretrial proceedings in this case that has been pending since 2013.

First, Defendants describe what appears to be an unreasonable delay by Plaintiff's counsel in communications towards scheduling and setting Plaintiff's deposition, resulting in a deposition set for September 19, 2018, a time when all defense counsel who had responded to inquiries were available, rather than a time when ALL counsel were available (Docs. 202, 214 at 2-3).

Yet, before the filing of the joint motion for extension of time, defense counsel vacated Plaintiff's deposition set for September 19, 2018 (Doc. 212). Vacating Plaintiff's

deposition is inconsistent with defense arguments that deposing Plaintiff, and doing so months before the already extended discovery deadline (November 30, 2018) passes, necessitates extension of the deadlines in this matter. Insofar undersigned can see from the material before the Court, Plaintiff's deposition should proceed on September 19, 2018, as noticed, with Plaintiff's counsel having waived any objection to the time, date, place, and manner of deposition. Defense counsel vacated the very discovery that had been late set because of Plaintiff's counsel and underlies the defense request for the extension of deadlines.

Further, even if defense counsel proceeds with Plaintiff's deposition on September 19, 2018, there is no good reason given as to why at most a two month delay in setting Plaintiff's deposition should result in a four month extension of defense expert disclosures, rebuttal expert disclosures, expert depositions, dispositive motions, and good faith settlement talks.

The second reason given for the requested four month extension of time was Plaintiff's late, approximately one week, disclosure of expert report(s) on August 17, 2018, rather than on August 10, 2018 (Docs. 200, 201, 214 at 3). A short extension of disclosure of defense expert reports, and a shorter extension of rebuttal report(s), is warranted given the delay in Plaintiff's expert disclosures. (In the joint motion, there is a reference by defense counsel for Corizon that Plaintiff's expert disclosures due on August 10, 2018, still have not been received by Corizon's counsel (Doc. 214 at 3, lines 13-16), but it also appears that Plaintiff's counsel has proof of delivery of such to Corizon counsel's office on August 15, 2018 (Doc. 214-3 at 2)).

Other than Plaintiff's somewhat late deposition setting, which has now been vacated, and the approximately one week late expert disclosures by Plaintiff, no other specific reasons for the four month extension of deadlines in the case have been presented to the Court. As good cause has not been shown for such extensions, they will be denied.

Because the setting of Plaintiff's deposition appears to have been delayed from lack of communication on the part of Plaintiff's counsel, and because defense counsel have now

decided not to proceed on September 19, 2018, with Plaintiff's deposition, the Court has concerns about counsel timely setting and conducting depositions in this matter such that the set deadlines in the case will be met.  Further, while there appear to have been problems since June, 2018, in scheduling Plaintiff's deposition, no one brought such to the attention to the Court before the present motion to extend the deadlines.  Accordingly, the Court is requiring counsel to respond in writing or electronically within one week of any request for deposition availability, and any problems setting depositions shall be promptly brought to the Court's attention.  Further, counsel need to meet in October, 2018, to set expert deposition dates.  To the extent that counsel cannot reach agreements in October, 2018, as to the expert deposition dates, counsel shall promptly notify the Court and the Court will hold a hearing and order a schedule for expert depositions to which counsel and the experts must adhere.

**IT IS HEREBY ORDERED** granting expedited consideration of the joint motion (Doc. 214).

**IT IS FURTHER ORDERED** granting the motion (Doc. 214) in part, extending the deadline for disclosure of defense expert reports to September 26, 2018, and Plaintiff's rebuttal expert disclosure deadline to October 9, 2018.

**IT IS FURTHER ORDERED** otherwise denying the motion (Doc. 214).

**IT IS FURTHER ORDERED** that any email or written request by counsel for available deposition dates requires an email or written response with available dates within one week of the request and that failure to provide dates, or reasonable availability for deposition within the case time-frames, will be deemed a waiver of any objection to the date and time of the deposition.

**IT IS FURTHER ORDERED** that the parties meet and confer in October 2018, to set expert deposition dates in the months between October and the deadline for completion of such depositions, April 5, 2019.

. . .

. . .

**IT IS FURTHER ORDERED** that the parties use the discovery dispute procedure to promptly bring to the Court's attention any problems in setting any depositions in this matter.

All other deadlines previously set in the Court's June 11, 2018, Order shall remain the same.

Dated this 10th day of September, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge