Anthony J. Fernandez (Bar No. 018342)
Dustin A. Christner (Bar No. 019707)
Alyssa R. Illsley (Bar No. 032956)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
afernandez@qpwblaw.com
dustin.christner@qpwblaw.com
alyssa.illsley@qpwblaw.com
*Attorneys for Defendants Corizon Health, Inc,*
*Smalley, Ende, Riaz, Rojas, Lewis and Tucker*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia, | Case No. CV-13-1591-PHX-DJH (DMF) |
| Plaintiff. | |
| v. | **DEFENDANTS CORIZON HEALTH, INC., SMALLEY, ENDE, RIAZ, ROJAS, LEWIS, AND TUCKER'S MOTION TO STAY CASE** |
| Charles L. Ryan, *et al.*, | |
| Defendants. | |

Defendants Corizon Health, Inc., Smalley, Ende, Riaz, Rojas, Lewis, and Tucker (hereinafter "Defendants") hereby move the Court to stay district court proceedings in this case pending resolution of Plaintiff's appeal of this Court's decision regarding Defendant Wexford's dismissal based on summary judgment grounds. [See Doc. 233.] As explained herein, the results of Plaintiff's appeal will greatly affect discovery and the case's progression. This Motion is supported by the following Memorandum of Points and Authorities.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **BRIEF HISTORY**

The procedural and party history of this case has been complex. This case has been ongoing (and changing) since 2013. The Complaint was amended on three (3) separate occasions, with defense parties coming and going in each amended complaint. For example, Defendant Dottie Baker and Defendant Rawa were not added as defendants until the Third

Amended Complaint ("TAC") filed in mid-2017. [*See* Docs. 134, 137, 145, 158]. Defendant Baker was served by publication which was not completed until December 26, 2017. [*See* Docs. 143 and 145]. Baker first appeared and filed an Answer in this matter on March 26, 2018. [Doc. 158].

In May 2018, Defendant Wexford was dismissed on summary judgment grounds. [Doc. 170] Since May 2018 alone, various discovery has taken place. Plaintiff's deposition was taken on September 25, 2018. Plaintiff submitted his experts' reports and opinions in August 2018 with his Fourth Supplemental Disclosure Statement. [Doc. 201] This Court dismissed various claims against several ADOC and State defendants. [*See* Doc. 227]. A neuropsychological independent medical exam was performed on Plaintiff on October 19, 2018. Defendants submitted their experts' opinions and reports to Plaintiff on October 31, 2018.

Plaintiff only recently appealed this Court's decision regarding Wexford's Motion for Summary Judgment. [See Docs. 231, 233]

## II.    LEGAL ARGUMENT

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The Court must weigh competing interests affected by a grant or denial of a stay, including (1) the possible damage caused by a stay, (2) the hardship to the parties if the suit is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues from a stay. *Id.* at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *In re Sprouts Farmers Mkt., Inc. Employee Data Sec. Breach Litig.*, MDL 16-02731-PHX DLR, 2017 WL 3051243, at *1 (D. Ariz. May 24, 2017)( citing *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

### a. The Parties Will Not Suffer Prejudice if the Case Is Stayed.

When measuring potential damage caused by a stay, courts consider whether a party "will suffer irreparable damage and a miscarriage of justice" if the case were to be stayed. *See Sprouts*, MDL 16-02731-PHX DLR, 2017 WL 3051243 at *2.

A stay will not cause irreparable damage , prejudice, or a miscarriage of justice to any of the parties in this litigation. If anything, the parties will suffer damage or injustice if the case is *not* stayed. If the case were not stayed, discovery (currently sans Wexford) would proceed as it has. All parties involved have spent large amounts of time and money engaging in discovery, resolving discovery disputes (some even brought before this Court), retaining experts, and taking depositions. Should Plaintiff's appeal be successful, the parties would essentially be required to start from scratch on discovery so that Wexford has the opportunity to participate. For example, Plaintiff's deposition would need to be re-taken; expert opinions would need to be revised to account for an analysis of Wexford's potential actions and liability in this case; deadlines would have to be completely revised in order to allow Wexford to essentially "catch up" on items such as expert disclosure deadlines. If the case is not stayed now, the parties could be forced to re-do months, if not more, of fact and expert discovery should Wexford become a party again.

### b. The Parties Will Suffer Hardship if the Case is Allowed to Move Forward While the Appeal is in Progress.

For reasons stated above, the parties will suffer hardship if they are forced to continue with this case while the decision regarding Wexford's dismissal is on appeal. Wexford was not an insignificant player in this lawsuit. Wexford provided the immediate post-assault care and care for the next four months. Plaintiff claims the adequate care during that time period significantly contributed to his permanent injuries. Whether Wexford is named as a party or not has a substantial impact on the course of this litigation − it affects who (if anyone) Plaintiff proves liability against; it affects whether defendants must retain additional experts to prove a non-party at fault claim; it affects the share of costs; it affects substantive expert and motion practice and subsequent trial strategy should

1  it reach that point; the list goes on. Again, if the parties are forced to continue litigating and
2  Wexford is made a party again, the amount of backtracking that the parties would be forced
3  to do is extremely burdensome and costly at the very least.

### c. *A Stay is in the Orderly Course of Justice.*

A stay is in the orderly course of justice, because it would make procedural aspects of this case complex if a stay is not ordered. Again, Wexford was a main defendant in this action with a significant role. Whether or not Wexford is a named party has a significant impact on the pretrial discovery, strategy regarding fat and expert discovery, and the trial obligations of the defendants that they must consider and plan for now.

If the appeal is not successful, Wexford will not be a party at trial (unless Plaintiff appeals again.) Defendants must then determine whether they will designate Wexford as a non-party at fault even if Plaintiff would be precluded from recovering against Wexford. *See* A.R.S. § 12-2506. This is considered an affirmative defense. Thus, the *defendants* must offer sufficient evidence that the non-party was in fact at fault. *A Tumbling-T Ranches v. Flood Control Dist. of Maricopa County,* 222 Ariz. 515, 540, ¶ 83, 217 P.3d 1220, 1245 (App. 2009). In other words, at trial, defendants must offer evidence that Wexford was contributory negligent. *See Id.* On the other hand, if the appeal is successful and Wexford remains a party, it will be *Plaintiff's* burden to prove fault on the part of Wexford.

Obviously, this strategy has a large impact on how discovery must be conducted now, because the parties carry different burdens for proving fault (and against whom) at trial with each scenario. Depending on the scenario, this will require experts to opine on whom is at fault for injuries (and how), deposition testimony regarding same, witness strategy, etc. Allowing suit to move forward while the appeal is pending will immensely complicate procedural aspects of this case and the way trial will play out.

### d. *Staying the Case Promotes Judicial Economy.*

Staying this matter promotes judicial economy. As this Court has already seen, there have been several extension requests, discovery disputes requiring Court intervention, and dispositive motions. If this case is not stayed, there is no doubt that this Court will be

4

required to wade through discovery issues, deadline disputes, and procedural issues with the parties – again. A stay prevents the Court from being required to hash out issues and disputes repeatedly.

## III. CONCLUSION

The Defendants request a complete stay of this case, including but not limited to, all aspects of disclosures and discovery.

**RESPECTFULLY SUBMITTED** this 6th day of November, 2018.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: s/Alyssa Illsley
Anthony J. Fernandez
Dustin A. Christner
Alyssa R. Illsley
*Attorneys for Defendant Corizon Health, Inc., Smalley, Ende, Riaz, Rojas, Lewis, Tucker Moody (limited),McCutcheon (limited), Ryan (limited)*

**\*\*\***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2018, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were e-mailed and mailed to all counsel of record at the following addresses:

Robert T. Mills
Sean A. Woods
**ANGELINI MILLS WOODS + ORI LAW**
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
docket@millsandwoods.com
*Attorneys for Plaintiff David Garcia*

Mark Brnovich, Attorney General
Michelle Lombino, Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
2005 N. Central Avenue
Phoenix, AZ  85004-1592
michelle.lombino@azag.gov
*Attorneys for Defendants*
*Charles Ryan, J. Kokemor, C. Thomas, Robert Runge, Mitchell Patrick, COIII McCutcheon, Jawad Riaz, Minerette Jasso, Martin Pacheco, Ian Thompson, C. Thomas, Chris Moody, Robert Runge, Ashis Puri and Randy Luker*

Kevin C. Nicholas
Michael B. Smith
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Ave. Suite 1700
Phoenix, Arizona 85012-2761
Kevin.Nicholas@lewisbrisbois.com
Michael.Smith@lewisbrisbois.com
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Thomas Rawa, M.D.*

Randy J. Aoyama
Bradley L. Dunn
**HINSHAW & CULBERTSON LLP**
2375 East Camelback Road, Suite 8516
Phoenix, AZ 85016
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com
*Attorneys for Baker*

By:  s/ Nelly Preca

6