Anthony J. Fernandez (Bar No. 018342)
Dustin A. Christner  (Bar No. 019707)
Alyssa R. Illsley (Bar No. 032956)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona  85016
Telephone:  (602) 954-5605
Facsimile:  (602) 954-5606
afernandez@qpwblaw.com
dustin.christner@qpwblaw.com
alyssa.illsley@qpwblaw.com
*Attorneys for Defendants Corizon Health, Inc,*
*Smalley, Ende, Riaz, Rojas, Lewis and Tucker*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Garcia,<br><br>Plaintiff.<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>Defendants. | **Case No. CV-13-1591-PHX-DJH (DMF)**<br><br>**DEFENDANTS CORIZON HEALTH, INC., SMALLEY, ENDE, RIAZ, ROJAS, LEWIS,  AND TUCKER'S REPLY IN SUPPORT OF MOTION TO STAY** |

Defendants Corizon Health, Inc., Smalley, Ende, Riaz, Rojas, Lewis, and Tucker (hereinafter "Defendants"), by and through undersigned counsel, hereby file their Reply in support of their Motion to Stay Case ("Reply"). This Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     ARGUMENT

While Defendants understand Defendants Jasso, Pacheco, and Thompson's ("ADOC Defendants") contentions and positions, a complete stay of further discovery and trial in this case is warranted and the best way to achieve judicial efficiency for all involved in this case.

ADOC Defendants allege the claims against them are different from the types of claims against Corizon, Wexford, and Rawa. [See Doc. 248] They also claim they would be "prejudiced" if they are not able to continue with discovery and dispositive motions on

the claims against them. [See *Id.*] But again, the Court must weigh **_all_** of the possible effects of a stay, not just one. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Any alleged disadvantage suffered by ADOC Defendants as a result of a stay is greatly overshadowed by the disadvantage suffered by the other defendants if the case is *not* stayed. As previously mentioned in the Motion, should Plaintiff succeed, Wexford will essentially need to start the discovery process from scratch. Despite the fact that this case has been pending since 2013, Wexford was not named as a party by Plaintiff until the Third Amended Complaint ("TAC") was filed in late June 2017. [Doc. 98]. Even then, Wexford did not officially make an appearance in this matter until *September 2017* when it moved to set aside the default judgment filed against it. [Doc. 120]. Prior to its appearance, Wexford did not have any notice of an impending suit or have reason to know suit was being filed against it:

> In fact, the only evidence on the record is that Wexford had no knowledge of Garcia's claim until served with Garcia's (Third Amended Complaint), which, again, was two years after the statute of limitations ran.

[Wexford's Reply in Support of Judgment of the Pleadings, Doc. 139 at p. 5].

Thereafter, Wexford's defenses and positions have been largely premised on the facts set forth on face of the Complaint and procedural grounds (statute of limitations). [See Docs. 135, 139, 155, 167]. Its Motion for Summary Judgment was granted in May 2018, making it a defendant for only eight months. [Doc. 170]. Thus, Wexford has not participated in any meaningful discovery in this case. It has not issued any discovery requests; it has not attended any depositions, including Plaintiff's; it has not submitted any expert reports; it did not even serve an initial disclosure statement. The only discovery it ever "participated in" was answering one set of interrogatories and requests for production served by Plaintiff in March 2018.

The *current* parties may arguably have had "years" to participate in discovery, but again, Wexford has not. And although the failure to take advantage of conducting

discovery when it was a party may eventually be Wexford's "problem", their inactivity now potentially affects everyone. For example, if Wexford becomes a defendant again, Wexford will want to depose Plaintiff for itself to address facts critical to its *substantive* defenses. While it may be true that the current defendants already had the opportunity to depose Plaintiff, defendants are still negatively affected by Plaintiff's second deposition. When Wexford deposes Plaintiff, the defendants will be forced to pay for their attorneys to essentially show up at the deposition. The same goes for any expert depositions that may occur before Wexford is a defendant again.

Depositions aside, expert reports will essentially need to be completely re-written. Wexford did not disclose any experts or reports when it was a defendant. Should Wexford become a defendant again, it will need its own defense experts to draft reports. It is anticipated that these reports will discuss the actions and/or care of other defendants, like Corizon or the individual medical defendants, including Defendant Rawa. Those defendants will need to have their own experts address or rebut any allegations put forth by Wexford. Thus, the current defendants must re-do their reports.

ADOC Defendants' position largely relies on its ability to file dispositive motions and "getting out early." For this theory to be viable, they must assume any dispositive motion they plan to file will be successful. However, should their plan fail, they will be in the same position as the other defendants. In other words, any allegedly negative impact they may suffer now is speculative at best, while the harm suffered by other defendants, including Corizon and Wexford (and even the ADOC Defendants later on), is tangible and practically guaranteed.

Should a stay occur, the worst that could happen would be that the ADOC Defendants have to sit and wait for the appeal to conclude. They would not be required to expend money to participate in the appeal, for example. Once the appeal concludes, they could easily continue with any plans to file a dispositive motion. Their window for filing a dispositive motion is not time-sensitive or lost if a stay is granted.

/ / /

## II.   **CONCLUSION**

In conclusion, without a stay on discovery or trial, not only are the parties negatively impacted, but also the progression of this case. There is no doubt the parties will ask the Court for more extensions and expend time and money to re-do essential discovery if Plaintiff's appeal is successful.  Although delaying the case is not ideal, a delay now will only help the case and parties later. Therefore, Defendants respectfully request a complete stay of this case is granted until the appeal concludes.

**RESPECTFULLY SUBMITTED** this 21st day of November, 2018.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:   s/Alyssa Illsley
Anthony J. Fernandez
Dustin A. Christner
Alyssa R. Illsley
*Attorneys for Defendant Corizon Health, Inc.,*
*Smalley, Ende, Riaz, Rojas, Lewis, Tucker*

**✳✳✳**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2018, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were e-mailed and mailed to all counsel of record at the following addresses:

Robert T. Mills
Sean A. Woods
**ANGELINI MILLS WOODS + ORI LAW**
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
docket@millsandwoods.com
*Attorneys for Plaintiff David Garcia*

4

Mark Brnovich, Attorney General
Michelle Lombino, Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
2005 N. Central Avenue
Phoenix, AZ  85004-1592
michelle.lombino@azag.gov
*Attorneys for Defendants*
*Charles Ryan, J. Kokemor, C. Thomas, Robert Runge, Mitchell Patrick, COIII*
*McCutcheon, Jawad Riaz, Minerette Jasso, Martin Pacheco, Ian Thompson, C. Thomas,*
*Chris Moody, Robert Runge, Ashis Puri and Randy Luker*

Kevin C. Nicholas
Michael B. Smith
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Ave. Suite 1700
Phoenix, Arizona 85012-2761
Kevin.Nicholas@lewisbrisbois.com
Michael.Smith@lewisbrisbois.com
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Thomas Rawa, M.D.*

Randy J. Aoyama
Bradley L. Dunn
**HINSHAW & CULBERTSON LLP**
2375 East Camelback Road, Suite 8516
Phoenix, AZ 85016
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com
*Attorneys for Baker*

By:  s/ Nelly Preca