# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M Garcia, | No. CV-13-01591-PHX-DJH (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court is a motion to stay filed by the Corizon defendants (Doc. 242). The Corizon defendants "request a complete stay of this case, including but not limited to, all aspects of disclosures and discovery" (*Id*. at 1) The other parties have responded and the Corizon defendants have replied (Docs. 248, 252, 253).

The stay request was made by the Corizon defendants the same day that the Corizon defendants filed a formal naming of dismissed defendant Wexford as a non-party at fault under state law (Doc. 243). The November 6, 2018, stay request was made very close to the fact discovery deadline of November 30, 2018, in this long pending case (Docs. 222, 216, 182). The Corizon defendants claim that a complete stay of the case is necessary to prevent the duplication and redo of discovery if Plaintiff succeeds in his appeal of the Wexford dismissal. Yet, before the stay motion was filed, Plaintiff had already been deposed and years of discovery had already passed. The stay motion was filed after virtually all expert reports had been disclosed and after the parties were supposed to have

set expert depositions to take place before the spring, 2019 deadline (Docs. 222, 216, 182).

The ADC defendants object to the stay of the case in any way other than for trial (Doc. 248):

> Plaintiff's claims against ADC Defendants and against Wexford and Corizon Defendants are based on different legal theories. He alleges a threat to safety and failure to protect claim against ADC Defendants. (Doc. 98 at 30.) His claims against Wexford and the Corizon Defendants relate to medical care. (*Id*. at 28-29, 31-32.) The other parties to this case would thus have little to gain from a stay of discovery and of dispositive motions insofar as they relate to Plaintiff's claim against ADC Defendants, and their defense of those claims. In contrast, ADC Defendants would be prejudiced if they are precluded from filing dispositive motions in this case, which has been pending for over five years.

(Doc. 248 at 1-2).

One would expect that Plaintiff would also object to a delay in bringing his case against the remaining defendants to conclusion. After all, dismissed defendant Wexford was named late in the litigation and was dismissed from the case months ago after being a defendant in the litigation for a year (*see* Doc. 170). Nevertheless, it became clear at the case management conference on November 7, 2018, that Plaintiff's counsel has not diligently conducted discovery as to Wexford and the remaining defendants and hopes to use the Corizon defendants' motion to stay as a window to being able to later reopen and conduct discovery that should have been conducted earlier in the litigation. Plaintiff does not object to the stay of the entire litigation pending the appeal of the Court's dismissal of Wexford (Doc. 252).

The Corizon defendants set out the standard and burden for a stay to be imposed:

> "A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936)). The Court must weigh competing interests affected by a grant or denial of a stay, including (1) the possible damage caused by a stay, (2) the hardship to the parties if the suit is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues from a stay. Id. at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *In re Sprouts Farmers Mkt., Inc. Employee Data Sec. Breach Litig*., MDL 16-02731-PHX DLR,

2017 WL 3051243, at *1 (D. Ariz. May 24, 2017) (citing *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

(Doc. 242 at 2).

ADC defendants rightly claim that they will be prejudiced if they cannot have timely completion of discovery and their dispositive motions heard while the Wexford appeal proceeds. If discovery is stopped now and experts are not deposed, the discovery and reports may be stale when the experts are later deposed after the conclusion of the Wexford appeal – the deposition should proceed while the reports are freshly drafted and considered. In addition, Plaintiff has set forth a clear intention to get a redo of discovery after the stay is lifted if the Court would allow such; this is not an orderly course of justice and complicates the case progression. Further, the motion to stay is entirely premised on the proposition that it is likely that this District Judge was wrong in granting defendant Wexford dismissal from this case on statute of limitations grounds, a premise that the undersigned Magistrate Judge finds to be questionable at best. Finally, at least some of the remaining defendants plan to file dispositive motions, and the Wexford appeal may be decided by the Ninth Circuit before decision on all the dispositive motions in the case.

Therefore, the Corizon defendants' motion to stay the case (Doc. 242) is denied. The denial is without prejudice to a motion to stay the trial, which may be re-filed after all the dispositive motions are decided by the Court if the appeal of the Wexford dismissal is not decided by that time.

**IT IS HEREBY ORDERED** denying the motion to stay (Doc. 242), with the denial of the stay of the trial in the matter being without prejudice to bring another motion to stay after dispositive motions as to remaining defendants are decided by the Court.

Dated this 26th day of November, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge